EAG:NS/MKM
F. #2013R00786

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

REDINEL DERVISHAJ,
also known as "Redi"
and "Red,"
BESNIK LLAKATURA,
also known as "Besi"
and "Nick," and
DENIS NIKOLLA,
also known as "Deni"
and "Nache,"

Defendants.

- - - - - - - - - - - - - - X

SUPERSEDING INDICTMENT

Cr. No. 13-668 (S-2) (ENV)
(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(d), 981(a)(1)(C), 1951(a), 2261A(2), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Hobbs Act Extortion Conspiracy – John Doe #1)

1. In or about and between April 2012 and November 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants REDINEL DERVISHAJ, also known as "Redi" and "Red," and DENIS NIKOLLA, also known as "Deni" and "Nache," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain

property, to wit: proceeds from one or more nightclubs located in Queens, New York, from John Doe #1, an individual whose identity is known to the Grand Jury, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT TWO
(Attempted Hobbs Act Extortion – John Doe #1)

2. In or about and between April 2012 and November 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants REDINEL DERVISHAJ, also known as "Redi" and "Red," and DENIS NIKOLLA, also known as "Deni" and "Nache," together with others, did knowingly and intentionally attempt to delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others attempted to obtain property, to wit: proceeds from one or more nightclubs located in Queens, New York, from John Doe #1, with his consent, which consent was induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT THREE
(Using, Carrying and Possessing a Firearm)

3. In or about and between April 2012 and November 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants REDINEL DERVISHAJ, also known as "Redi" and "Red," and DENIS NIKOLLA, also known as "Deni" and "Nache," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes

of violence, to wit: the crimes charged in Counts One and Two, and did knowingly and intentionally possess such firearms in furtherance of said crimes of violence, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

COUNT FOUR
(Hobbs Act Extortion Conspiracy – John Doe #2)

4. In or about and between May 2013 and November 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants REDINEL DERVISHAJ, also known as "Redi" and "Red," BESNIK LLAKATURA, also known as "Besi" and "Nick," and DENIS NIKOLLA, also known as "Deni" and "Nache," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: proceeds from a restaurant located in Queens, New York, from John Doe #2, an individual whose identity is known to the Grand Jury, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT FIVE
(Attempted Hobbs Act Extortion – John Doe #2)

5. In or about and between May 2013 and November 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants REDINEL DERVISHAJ, also known as "Redi" and "Red," BESNIK

LLAKATURA, also known as "Besi" and "Nick," and DENIS NIKOLLA, also known as "Deni" and "Nache," together with others, did knowingly and intentionally attempt to delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others attempted to obtain property, to wit: proceeds from a restaurant located in Queens, New York, from John Doe #2, with his consent, which consent was induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT SIX
(Using, Carrying and Possessing a Firearm)

6. In or about and between May 2013 and November 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants REDINEL DERVISHAJ, also known as "Redi" and "Red," BESNIK LLAKATURA, also known as "Besi" and "Nick," and DENIS NIKOLLA, also known as "Deni" and "Nache," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Four and Five, and did knowingly and intentionally possess such firearms in furtherance of said crimes of violence, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

COUNT SEVEN
(Hobbs Act Extortion Conspiracy – John Doe #3)

7. In or about and between May 2013 and November 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants REDINEL DERVISHAJ, also known as "Redi" and "Red," BESNIK LLAKATURA, also known as "Besi" and "Nick," and DENIS NIKOLLA, also known as "Deni" and "Nache," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, to wit: proceeds from one or more social clubs located in Queens, New York, from John Doe #3, an individual whose identity is known to the Grand Jury, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

COUNT EIGHT
(Attempted Hobbs Act Extortion – John Doe #3)

8. In or about and between May 2013 and November 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants REDINEL DERVISHAJ, also known as "Redi" and "Red," BESNIK LLAKATURA, also known as "Besi" and "Nick," and DENIS NIKOLLA, also known as "Deni" and "Nache," together with others, did knowingly and intentionally attempt to delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others attempted to obtain property, to wit: proceeds from

one or more social clubs located in Queens, New York, from John Doe #3, with his consent, which consent was induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT NINE
(Using, Carrying and Possessing a Firearm)

9. In or about May 2013 and November 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants REDINEL DERVISHAJ, also known as "Redi" and "Red," BESNIK LLAKATURA, also known as "Besi" and "Nick," and DENIS NIKOLLA, also known as "Deni" and "Nache," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Seven and Eight, and did knowingly and intentionally possess such firearms in furtherance of said crimes of violence, which firearms were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

COUNT TEN
(Stalking – Jane Doe)

10. In or about and between October 2013 and November 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BESNIK LLAKATURA, also known as "Besi" and "Nick," together with others, did knowingly and intentionally, with the intent to injure, harass, intimidate, and place under surveillance with intent to injure, harass, and intimidate another person, to wit: Jane Doe, an individual whose identity is known to the Grand Jury, use an interactive computer service and

electronic communication service and electronic communication system of interstate commerce to engage in a course of conduct that placed Jane Doe in reasonable fear of the death of or serious bodily injury to Jane Doe and an immediate family member of Jane Doe and caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Jane Doe and an immediate family member of Jane Doe.

(Title 18, United States Code, Section 2261A(2), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE, TWO, FOUR, FIVE, SEVEN AND EIGHT

11. The United States hereby gives notice to the defendants charged in Counts One, Two, Four, Five, Seven and Eight that, upon their conviction of any such offense, the government will seek forfeiture in accordance with (A) Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses; and (B) Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any firearm or ammunition involved in or used in such offenses.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS THREE, SIX AND NINE

13. The United States hereby gives notice to defendants charged in Counts Three, Six and Nine that, upon their conviction of either offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any firearm or ammunition involved in or used in such offenses.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. C.131

F. #2013R00786

No. 13-668(S-2) (ENV)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*REDINEL DERVISHAJ, et al.,*

Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(d) 981(a)(1)(C), 1951(a), 2261A(2), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.* [signature]

*Foreperson*

*Filed in open court this* __________________ *day,*

*of* ____________ *A.D. 20* _____

______________________________________________________ *Clerk*

*Bail, $* ___________

_______________________________________________

***Nadia Shihata and Kristin Mace, Assistant U.S. Attorneys (718) 254-6295***