UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------- X
                                         :
UNITED STATES OF AMERICA                 :
                                         :
        v.                               :        No. (S2) 13 Cr. 668 (ENV)
                                         :
REDINEL DERVISHAJ,                       :
                                         :
                Defendant.               :
                                         :
--------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF
REDINEL DERVISHAJ'S MOTION TO DISMISS
COUNTS THREE, SIX, AND NINE**

James Darrow
Michael Padden
Assistant Federal Defenders
Federal Defenders of New York, Inc.
One Pierrepont Plaza
16th Floor
Brooklyn, New York 11201
Tel. (718) 407-7419 | (718) 330-1240

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………...  ii

INTRODUCTION ............................................................................1

ARGUMENT ...................................................................................4

  I.   THE RESIDUAL CLAUSE OF § 924(c)(3)(B) IS VOID FOR
VAGUENESS UNDER <u>JOHNSON</u>, AND THUS CANNOT SUPPORT THE
HOBBS ACT COUNTS AS PREDICATE OFFENSES ......................................4

    A. <u>Johnson</u> Expressly Overruled The "Ordinary Case" Approach To
Determining Whether A Felony Qualifies As A Crime Of Violence ................4

    B. <u>Johnson</u> Renders § 924(c)(3)(B) Unconstitutionally Vague........................7

  II.   NONE OF THE HOBBS ACT COUNTS QUALIFIES AS A "CRIME OF
VIOLENCE" UNDER THE "FORCE CLAUSE" OF § 924(c)(3)(A ................11

    A. The Categorical Approach Applies In Determining Whether The Hobbs
Act Counts Qualify Under The Force Clause...................................................11

    B. Hobbs Act Conspiracy And Attempt Do Not Categorically Require
Intentional Violent Physical Force ..................................................................13

CONCLUSION ....................................................................................17

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

Chambers v. United States, 555 U.S. 122
(2009)…………………………………………………………..…………7

Descamps v. United States, 133 S. Ct. 2276
(2013)…………………………………………………….……11, 12

Dimaya v. Lynch, ___ F.3d ___,
2015 WL 6123546 (9th Cir. Oct. 19, 2015) ………………….....……….3, 9

Evans v. Zych, 644 F.3d 447
(6th Cir. 2011) ………………………………………………..…………….8

Garcia v. Gonzalez, 455 F.3d 465
(4th Cir. 2006)……………………………………………..……….…..13

James v. United States, 550 U.S. 192
(2007)…………………………………………………………………..5

Jimenez-Gonzales v. Mukasey, 548 F.3d 557
(7th Cir. 2008) ……………………………………..…………………8

Johnson v. United States 135 S. Ct. 2551
(2015)…………………………………………………………… passim

Jobson v. Ashcroft, 326 F.3d 367
(2d Cir. 2003)…………………………………………..……………..13

Leocal v. Ashcroft, 543 U.S. 1
(2004)…………………………………………………………………13

Roberts v. Holder, 745 F.3d 928
(8th Cir. 2014) ……………………………………………………………7

Taylor v. United States, 495 U.S. 575
(1990) ………………………………………….……………………5

United States v. Acosta, 470 F.3d 132
    (2d Cir. 2006) ……………………………………………………passim

United States v. Amparo, 68 F.3d 1222
    (9th Cir. 1995)……………………………………………...…………………..9

United States v. Aragon, 983 F.2d 1306
    (4th Cir. 1993)…………………………………………...…………………..7

United States v. Avila, 770 F.3d 1100
    (4th Cir. 2014)……………………………………………………………….. 10

United States v. Ayala, 601 F.3d 256
    (4th Cir. 2010) …………………………………………………...….….………7

United States v. Bauer, 990 F.2d 373
    (8th Cir. 1993) ……………………………………………...……….….……..8

United States v. Butler, 496 F. App'x 158
    (3d Cir. 2012)……………………………………………...……….….……..8

United States v. Cain, 671 F.3d 271, 279
    (2d Cir. 2012). ...............................................................................16

United States v. Capo, 817 F.2d 947, 951
    (2d Cir. 1987)………………………………………….…………………….. 17

United States v. Clark, 319 F. App'x 46, 49
    (2d Cir. 2009)………………………………………………………………… 1

United States v. Clemente, 22 F.3d 477, 480
    (2d Cir. 1994)……………………………………………...……………… 14

United States v. Coronado-Cervantes, 154 F.3d 1242
    (10th Cir. 1998)……………………………………………………………….. 8

United States v. Edmundson, -- F. Supp. 3d --, PWG-13-15, 2015 WL 9582736
    (D. Md. Dec. 30, 2015) ……………………………………...……………..passim

United States v. Gomez-Leon, 545 F.3d 777
    (9th Cir. 2008)……………………………………………………………….8

United States v. Green, 521 F.3d 929
    (8th Cir. 2008)………………………………….………………………………9

United States v. Keelan, 786 F.3d 865
    (11th Cir. 2015) ………………………………...………………………7, 10

United States v. Kirk, 111 F.3d 390
    (5th Cir. 1997)……………………………………………………………….8

United States v. Melvin, 621 F. App'x 226, 226-27
    (4th Cir. 2015)...................................................................................... 16

United States v. Rodriguez-Moreno, 526 U.S. 275, 280
    (1999)..................................................................................................... 1

United States v. Royal, 731 F.3d 333
    (4th Cir. 2014)………………………………...……………………………11

United States v. Salerno, 868 F.2d 524, 531
    (2d Cir. 1989)………………………………...……………………… 17

United States v. Sanchez-Espinal, 762 F.3d 425
    (5th Cir. 2014) ………………………………...………………………..7

United States v. Serafin, 562 F.3d 1104
    (10th Cir. 2009)………………………………………………………….8, 11

United States v. Temkin, 797 F.3d 682, 690
    (9th Cir. 2015)...................................................................................... 16

United States v. Torres-Miguel, 701 F.3d 165
    (4th Cir. 2012)………………………………………………………...12

United States v. Vivas-Ceja, 808 F.3d 719, 722-23
    (7th Cir. 2015)...................................................................................... 3, 9, 10

United States v. White, 571 F.3d 365, 368-69
    (4th Cir. 2009).......................................................................................... 15, 16

United States v. Yousef, 327 F.3d 56, 134
    (2d Cir. 2003)............................................................................................. 16

United States v. Zhou, 428 F.3d 361, 370
    (2d Cir. 2005) ..................................................................................... 15, 17

## OTHER AUTHORITIES

18 U.S.C. § 16(b)………………………………………………………...3, 7

18 U.S.C. § 371…………………………………………………….. 14

18 U.S.C. § 924(c)…………………………………………………….passim

18 U.S.C. § 924(c)(1)(A)………………………………………………1

18 U.S.C. § 924(c)(3)…………………………………………… 2, 4, 7

18 U.S.C. § 924(c)(3)(A)…………………………………………...passim

18 U.S.C. § 924(c)(3)(B)…………………………………………...passim

18 U.S.C. § 924(e) ……………………………………………….2

18 U.S.C. § 924(e)(2)(B)………………………………………….2

18 U.S.C. § 924(e)(2)(B)(ii)……………………………………8

18 U.S.C. § 1951(a)……………………………………………13, 14

Fed. R. Crim. P. 12(b)(3)(B)(v).........................................................1

Leonard B. Sand et al., Modern Federal Jury Instructions -
Criminal ……………………………………………………..2, 14

Redinel Dervishaj respectfully submits this pretrial motion pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) to dismiss Counts Three, Six, and Nine of the Second Superseding Indictment (the "§ 924(c) Counts") for failure to state an offense.

## INTRODUCTION

The § 924(c) Counts charge Mr. Dervishaj with using, carrying, and possessing a firearm during and in relation to one or more "crimes of violence," in violation of 18 U.S.C. § 924(c)(1)(A).[1] The alleged predicate crimes of violence are Hobbs Act extortion conspiracy (Counts One, Four, and Seven) and attempted Hobbs Act extortion (Counts Two, Five, and Eight) (collectively, the "Hobbs Act Counts").

The § 924(c) Counts should be dismissed because the essential "crime of violence" element of those offenses cannot—as a matter of law—be proven following the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).[2] Specifically, the government can no longer prove that the only

---

[1] That statute provides, in relevant part, that "any person who, during and in relation to a crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall [be punished as follows]." 18 U.S.C. § 924(c)(1)(A).

[2] "[T]he commission of the underlying offense" is an essential "conduct element[]" of the § 924(c)(1)(A) offense. United States v. Clark, 319 F. App'x 46, 49 (2d Cir. 2009); see also United States v. Rodriguez-Moreno, 526 U.S. 275, 280 (1999) ("That the crime of violence element of the statute is embedded in a prepositional phrase and not expressed in verbs does not dissuade us from concluding that a

1

alleged predicate offenses—the Hobbs Act Counts—qualify as "crime[s] of violence" under either of the two definitional prongs in § 924(c)(3), as required to state an offense.

As an initial matter, the Hobbs Act Counts cannot qualify as crimes of violence under the second prong, the so-called "residual clause," of § 924(c)(3)(B). That prong defines a crime of violence as an offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." As discussed below, this clause is materially indistinguishable from the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[3] The Supreme Court in <u>Johnson</u> recently invalidated the ACCA residual clause as void for vagueness. The residual clause of § 924(c)(3)(B) must share the same fate. The District of Maryland has so held. <u>See</u> <u>United States v. Edmundson</u>, -- F. Supp. 3d --, PWG-13-15, 2015 WL

_____

defendant's violent acts are essential conduct elements."). Thus, the jury determines as a matter of fact "whether the defendant actually committed the predicate crime." 2 Sand et al, Modern Federal Jury Instructions, Instruction 35-88, commentary at 35-179 to -180. However, "[t]he determination of whether a particular offense meets the statutory definition of 'crime of violence' or 'drug trafficking crime' is a question of law for the court to determine." <u>Id.</u> That is the issue presented by this motion.

[3] Under the ACCA, a defendant convicted of being a felon in possession of a firearm is subject to enhanced penalties if he is proven to have certain prior convictions for a "violent felony." As applicable here, that term is defined to include a felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

9582736 (D. Md. Dec. 30, 2015).  In addition, two courts of appeal have held that the residual clause of 18 U.S.C. § 16(b)—which is virtually identical to § 924(c)(3)(B)—is void for vagueness under <u>Johnson</u>.  <u>See</u> <u>Dimaya v. Lynch</u>, 803 F.3d 1110, 1119 (9th Cir. 2015); <u>United States v. Vivas-Ceja</u>, 808 F.3d 719, 722-23 (7th Cir. 2015).  This Court should follow that authority.

Nor do the Hobbs Act Counts qualify as crimes of violence under the other definitional prong, the so-called "force clause," of § 924(c)(3)(A).  That clause defines "crime of violence" as, in pertinent part, one which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Under controlling Supreme Court and Second Circuit precedent, to qualify under this definition, the charged Hobbs Act conspiracy and attempt offenses must <u>categorically</u> (<u>i.e.</u>, necessarily, in even their "most innocent" or "minimum" incarnations) require (1) the presence of <u>violent physical force</u> and (2) the <u>intentional</u> employment thereof.  They plainly do not.  Indeed, it is settled that a Hobbs Act conspiracy does not even require an overt physical act, let alone an act of physical force.  And it is equally settled that the "substantial step" necessary for attempted Hobbs Act extortion need not involve the use, threatened use, or attempted use of violence.

# ARGUMENT

The government cannot, as a matter of law, prove that the Hobbs Act Counts are "crime[s] of violence" within the meaning of § 924(c)(3).  None of those counts qualify as a "crime of violence" under either definitional prong of § 924(c)(3)—the "residual clause" definition in § 924(c)(3)(B) is void for vagueness under Johnson, and thus cannot support the Hobbs Act Counts; and the "force" definition in § 924(c)(3)(A) does not encompass Hobbs Act conspiracy or attempt.  Because the "crime of violence" element is an essential element of the § 924(c) Counts, those charges fail to state an offense.  Counts Three, Six, and Nine must therefore be dismissed.

## I.   THE RESIDUAL CLAUSE OF § 924(C)(3)(B) IS VOID FOR VAGUENESS UNDER JOHNSON, AND THUS CANNOT SUPPORT THE HOBBS ACT COUNTS AS PREDICATE OFFENSES

### A.   Johnson Expressly Overruled The "Ordinary Case" Approach To Determining Whether A Felony Qualifies As A Crime Of Violence

Johnson held that the ACCA residual clause is unconstitutionally vague because the process by which courts categorize prior convictions as violent felonies is too "wide-ranging" and "indeterminate."  135 S. Ct. at 2557.  As a result, the ACCA "both denies fair notice to defendants and invites arbitrary enforcement by judges."  Id.  Johnson concluded that the Supreme Court's four previous attempts to articulate a workable test to determine whether a felony falls under the ACCA residual clause had failed.  Id. at 2558-59.

4

The Supreme Court reasoned as follows:  Under <u>Taylor v. United States</u>, 495 U.S. 575 (1990), the ACCA requires the categorical approach to determine whether a particular statute qualifies as a violent felony.  <u>Johnson</u>, 135 S. Ct. at 2557.[4]  Courts must assess whether a crime qualifies as a "violent felony" under ACCA "in terms of how the law defines the offense and not in terms of how an individual might have committed it on a particular occasion."  <u>Id.</u> (citation omitted).

The Court further clarified that the ACCA residual clause "requires a court to picture the kind of conduct that the crime involves 'in the ordinary case,' and to judge whether that abstraction presents a serious risk of potential injury."  <u>Id.</u> (citation omitted).  The Court linked the "ordinary case" framework to <u>James v. United States</u>, 550 U.S. 192 (2007), which explained that "[w]e do not view that approach as requiring that every conceivable factual offense covered by a statute must necessarily present a serious potential risk of injury before the offense can be deemed a violent felony. . .  Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another."  <u>Id.</u> at 208 (citations omitted).  "As long

---

[4] The Supreme Court (over one Justice's dissent) reaffirmed the applicability of the categorical approach, despite the government's invitation to abandon it in residual clause cases.  <u>See</u> <u>Johnson</u>, 135 S. Ct. at 2557 2562.

as the offense is of a type that, by its nature, presents a serious risk of injury to another, it satisfies the requirements of [the ACCA's] residual clause."  Id. at 209.

Johnson concluded that the process of determining what is embodied in the "ordinary case" rather than "real-world facts" is fatally flawed, rendering the ACCA unconstitutionally vague.  (Johnson thus overruled its "ordinary case" precedent, including James.)  "Grave uncertainty" surrounds the method of "determin[ing] the risk posed by the "judicially imagined 'ordinary case.'"  135 S. Ct. at 1225.  "The residual clause offers no reliable way to choose between . . . competing accounts of what 'ordinary' . . . involves."  Id. at 2558.[5]

This flaw alone establishes the ACCA residual clause's unconstitutional vagueness.  The Court further explained, however, that another flaw exacerbates the problem.  The Court noted that the residual clause lacks a meaningful gauge for determining when the quantum of risk under the "ordinary case" of a particular statute is enough to constitute a "serious potential risk of physical injury."  Id. at 2558.  Although the level of risk required under the residual clause must be similar to the enumerated offenses in the ACCA (including, notably, "extortion," which is absent from § 924(c)'s equivalent clause), Johnson rejected the notion that

---

[5] Johnson considered and rejected different ways that a court might envision the hypothetical "ordinary case" since the statute offers no guidance: a statistical analysis of reported cases, surveys, expert evidence, Google, and gut instinct are equally unreliable.  Id. at 557.

comparing a felony's "ordinary case" to the risk posed by certain enumerated offenses cures the constitutional problem.  Id.  In sum, both the "ordinary" enumerated offense inquiry and the "ordinary" predicate offense inquiry require the same fatal guesswork.  The indeterminacy, unpredictability, and arbitrariness inherent in both "ordinary case" analyses is more than the Due Process Clause tolerates.  See id.

Thus, Johnson not only invalidated the ACCA residual clause, it expressly invalidated the "ordinary case" analysis and statutory provisions that compel such an analytical framework.

## B.   Johnson Renders § 924(c)(3)(B) Unconstitutionally Vague

Section 924(c)(3)(B) is essentially the same as the ACCA residual clause.[6] Under Johnson, it must share the same fate.

---

[6] Courts repeatedly have repeatedly remarked upon the similarities of the residual clause of ACCA and the § 924(c)(3) clause at issue here (or, more frequently, its identical twin 18 U.S.C. § 16(b)).  See, e.g., Chambers, 555 U.S. at 133 n.2 (citing circuit splits on § 16(b) in the context of an ACCA residual clause case because § 16(b) "closely resembles ACCA's residual clause") (Alito, J., concurring); United States v. Ayala, 601 F.3d 256, 267 (4th Cir. 2010) (relying on an ACCA case to interpret the definition of "crime of violence" under § 924(c)); United States v. Aragon, 983 F.2d 1306, 1314 (4th Cir. 1993) (same); see also United States v. Keelan, 786 F.3d 865, 871 n.7 (11th Cir. 2015) (describing clauses as "analogous"); Roberts v. Holder, 745 F.3d 928, 930-31 (8th Cir. 2014) (using ACCA and § 16(b) cases to define the same "ordinary case" analysis); United States v. Sanchez-Espinal, 762 F.3d 425, 432 (5th Cir. 2014) (despite minor textual differences "we have previously looked to ACCA in deciding whether offenses are crimes of violence under § 16(b)").

To be sure, the clauses are not identical.[7]  But the minor textual differences between them are immaterial to the constitutional analysis of Johnson.  Although the risk at issue in the ACCA is a risk of injury, and the risk at issue in § 924(c) is a risk that force will be used, this is a distinction without a difference to the Due Process problem.[8]  Johnson turned not on the type of risk, but rather on how a court assesses and quantifies the risk.  That inquiry is the same under both the ACCA and § 924(c).  Both statutes require courts first to picture the "ordinary case" embodied by a felony,[9] and then decide if it qualifies as a crime of violence by

---

[7] In pertinent part, the ACCA residual clause defines a "violent felony" as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  Section 924(c)(3)(B) defines a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

[8] See Jimenez-Gonzales v. Mukasey, 548 F.3d 557, 562 (7th Cir. 2008) (noting that "[d]espite the slightly different definitions," the Supreme Court's analyses of the ACCA and § 16(b) "perfectly mirrored" each other); see also United States v. Gomez-Leon, 545 F.3d 777 (9th Cir. 2008); United States v. Coronado-Cervantes, 154 F.3d 1242, 1244 (10th Cir. 1998); United States v. Kirk, 111 F.3d 390, 394 (5th Cir. 1997); United States v. Bauer, 990 F.2d 373, 374 (8th Cir. 1993) (describing the differences between the statutes as "immaterial" and concluding that the interpretation of U.S.S.G. § 4B1.1, which uses the ACCA language, "is controlled by" a decision that interprets § 16(b)).

[9] United States v. Acosta, 470 F.3d 132, 134 (2d Cir. 2006) ("Under this categorical approach, we focus on the intrinsic nature of the offense rather than on the circumstances of the particular crime.  Consequently, only the minimum criminal conduct necessary for conviction under a particular statute is relevant."); see, e.g., United States v. Butler, 496 F. App'x 158, 161 n.4 (3d Cir. 2012); Evans v. Zych, 644 F.3d 447, 453 (6th Cir. 2011); United States v. Serafin, 562 F.3d

assessing the risk posed by the "ordinary case."  As discussed above, that is the approach the Supreme Court overruled in <u>Johnson</u>.

For exactly this reason, the Ninth and Seventh Circuits have held that § 16(b)—which is "virtually identical" to that of § 924(c)(3)(B), <u>United States v. Acosta</u>, 470 F.3d 132, 134 (2d Cir. 2006) (per curiam)—is void for vagueness under <u>Johnson</u>.  <u>United States v. Vivas-Ceja</u>, 808 F.3d 719, 723 (7th Cir. 2015) ("Applying <u>Johnson</u>'s reasoning here, we conclude that § 16(b) is unconstitutionally vague."); <u>Dimaya v. Lynch</u>, 803 F.3d 1110, 1111 (9th Cir. 2015) (holding that § 16(b) "suffers from the same indeterminacy as ACCA's residual clause" and is thus "unconstitutionally vague" under <u>Johnson</u>).  Even more recently, a United States District Court in the District of Maryland held that § 924(c)'s residual clause contained "exactly the same dual indeterminacy that was fatal to the ACC residual clause," and thus an "impermissible vagueness" under <u>Johnson</u>.  <u>United States v. Edmundson</u>, -- F. Supp. 3d --, --, 2015 WL 9582736, *4 (D. Md. Dec. 30, 2015).

Each of these courts expressly rejected the government's attempts to distinguish <u>Johnson</u>, whether based upon the immaterial differences in the statutory language of the ACCA, or based upon other irrelevant factors.  <u>Dimaya</u>, 803 F.3d

---

1104, 1108 (10th Cir. 2009); <u>United States v. Green</u>, 521 F.3d 929, 932 (8th Cir. 2008); <u>United States v. Amparo</u>, 68 F.3d 1222, 1225 (9th Cir. 1995).

at 1120 ("Although the government can point to a couple of minor distinctions

between the text of the residual clause and that of the INA's definition of a crime

of violence, none undermines the applicability of Johnson's fundamental holding

to this case."); see also Vivas-Ceja, 808 F.3d at 723; Edmundson, at *4. This Court

should follow that authority.

Indeed, even before Johnson, courts ruled that the "ordinary case" analysis

applies when construing § 16(b).  See United States v. Avila, 770 F.3d 1100, 1107

(4th Cir. 2014); see also, e.g., Keelan, 786 F.3d at 871 (following the "uniform

rule" of "all other circuits to have examined the issue" and adopting "ordinary

case" analysis for § 16(b)).  Those cases control here because the definitions of

"crime of violence" in § 16(b) and § 924(c)(3)(B) are "virtually identical."  United

States v. Acosta, 470 F.3d 132, 134 (2d Cir. 2006) (per curiam).

The government conceded as much in Johnson.  At oral argument, the

Solicitor General acknowledged that the two clauses are materially identical, and

argued that § 16(b) "is equally susceptible to petitioner's central objection to the

residual clause:  Like the ACCA, Section 16 requires a court to identify the

ordinary case . . . and to make a commonsense judgment about the risk of

confrontations and other violent encounters."  Johnson v. United States, Sup. Ct.

Docket No. 13-7120, Supp. Br. of United States 22-23 (2015 WL 1284964).

The Solicitor General was right.  The residual clauses at issue contain the same constitutional infirmity.  Section 924(c)(3)(B), like the ACCA residual clause, requires the "ordinary case" analysis to assess the risk involved in a predicate offense, and how risky that ordinary case is.  Since this is the identical analytical step that brought down the ACCA residual clause, the residual clause of § 924(c)(3)(B) cannot survive constitutional scrutiny under the Due Process principles reaffirmed in <u>Johnson</u>.  As a consequence, § 924(c)(3)(B) cannot be used to state a § 924(c) offense based upon the Hobbs Act Counts.

## II.    NONE OF THE HOBBS ACT COUNTS QUALIFIES AS A "CRIME OF VIOLENCE" UNDER THE "FORCE CLAUSE" OF § 924(c)(3)(A)

### A.    The Categorical Approach Applies In Determining Whether The Hobbs Act Counts Qualify Under The Force Clause

To determine whether a predicate offense qualifies as a "crime of violence" under § 924(c), courts use the categorical approach.  <u>See</u> <u>Descamps v. United States</u>, 133 S. Ct. 2276, 2283 (2013); <u>United States v. Acosta</u>, 470 F.3d 132, 135 (2d Cir. 2006); <u>United States v. Royal</u>, 731 F.3d 333, 341-42 (4th Cir. 2014); <u>see also</u> <u>United States v. Serafin</u>, 562 F.3d 1105, 1107-08 (10th Cir. 2009).  This approach requires that courts "look only to the statutory definitions—i.e., the elements—of a defendant's [] offense, and not to the particular facts underlying [the offense]," in determining whether the offense qualifies as a "crime of violence."  <u>Descamps</u>, 133 S. Ct. at 2283 (quotation marks and citation omitted).

11

In addition, under the categorical approach, an offense can only qualify as a "crime of violence" if all the criminal conduct covered by a statute—"including the most innocent conduct"—matches or is narrower than the "crime of violence" definition. United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012).

As the Second Circuit puts it, "Under this categorical approach, we focus on the intrinsic nature of the offense rather than on the circumstances of the particular crime.  Consequently, only the minimum criminal conduct necessary for conviction under a particular statute is relevant."  Acosta, 470 F.3d at 135.  If the "most innocent" or "minimum criminal" conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence."

Section 924(c)(3)'s "force clause" defines "crime of violence" as, in pertinent part, one which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  Post-Descamps, then, for any of the Hobbs Act Counts to qualify as a "crime of violence" under the force clause, the offense must necessarily have an element of "physical force."  And "physical force" means "violent force"—that is "strong physical force," which is "capable of causing physical pain or injury to another person."  Johnson v. United States, 559 U.S. 133, 140 (2010).

Additionally, the defendant must intentionally employ that violent force. See Leocal v. Ashcroft, 543 U.S. 1 (2004) (construing § 16(a), a "force clause" virtually identical to § 924(c)(3)(A), and holding that "negligent or merely accidental conduct" involving force does not come within that language); Jobson v. Ashcroft, 326 F.3d 367, 373 (2d Cir. 2003) (concluding that "use[]" of force under § 16(b) contemplates only "intentional conduct"); Garcia v. Gonzalez, 455 F.3d 465, 468-69 (4th Cir. 2006) (offense must have as an element the "intentional employment of physical force" to qualify under § 16(a)).

In sum, to qualify as a "crime of violence" under the force clause of § 924(c)(3)(A), the Hobbs Act Counts must categorically (i.e., necessarily, in even its "most innocent" or "minimum" incarnation) require (1) the presence of violent physical force and (2) the intentional employment thereof.

## B.    Hobbs Act Conspiracy And Attempt Do Not Categorically Require Intentional Violent Physical Force

Applying the categorical approach, it is plain that Hobbs Act conspiracy and attempt categorically fail to qualify as "crimes of violence," because they do not necessarily require the presence of violent physical force, or the intentional employment thereof.

18 U.S.C. § 1951(a) defines the Hobbs Act conspiracy and attempt crimes as follows:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so . . . shall be [punished as provided].

Id. (emphasis added).

Hobbs Act conspiracy plainly does not qualify.  That crime has only two

elements:

> First, that two or more persons entered the unlawful agreement charged in the indictment starting on or about [insert date].

> Second, that the defendant knowingly and willfully became a member of the conspiracy.

Sand, Modern Federal Jury Instructions – Criminal, Instruction 19-3.2; accord.

United States v. Clemente, 22 F.3d 477, 480 (2d Cir. 1994).[10]  Neither of these

elements entails the use, attempted use, or threatened use of violent physical force,

let alone the intentional application of such force.  "The government needs to

prove only that an agreement to commit extortion existed, not that extortion was

actually committed."  United States v. Clemente, 22 F.3d 477, 481 (2d Cir. 1994).

Accordingly, even if the substantive crime of extortion itself could qualify as a

"crime of violence" (and, as we can demonstrate if need be, it cannot), extortion is

---

[10] This language comes from the federal pattern jury instruction for the general conspiracy statute—18 U.S.C. § 371—but excludes the overt act elements because the indictment charges Mr. Dervishaj with Hobbs Act conspiracy under 18 U.S.C. § 1951(a), which does not require an overt act.  See Clemente, 22 F.3d at 480.

"not a necessary element of the offense" of a Hobbs Act conspiracy.  Id.  The conspiracy crime can be accomplished without a completed extortion, or, indeed, any force whatsoever.  In fact, the elements of Hobbs Act conspiracy do not require the accomplishment of any physical act, forceful or otherwise.  "In order to establish a Hobbs Act conspiracy, the government does not have to prove any overt act."  Id.; see also United States v. Zhou, 428 F.3d 361, 370 (2d Cir. 2005) (same).  Because Hobbs Act conspiracy does not require the commission of any force whatsoever, it does not categorically qualify as a crime of violence under the force clause of § 924(c)(3)(A).

The District of Maryland has so held.  Edmundson, 2015 WL 9582736, at *1-2 (because the force clause "only focuses on the elements of an offense to determine whether it meets the definition of a crime of violence, and it is undisputed that Hobbs Act conspiracy can be committed even without the use, attempted use, or threatened use of physical force against the person or property of another," a conviction of "conspiracy to commit Hobbs Act robbery did not meet the requirements [of] 18 U.S.C. § 924(c)(3)(A)").  Moreover, the Fourth Circuit has applied the same reasoning in the ACCA context, holding that a state conspiracy offense fails to qualify as a predicate crime under the categorical approach to the force clause.  See United States v. White, 571 F.3d 365, 368-69 (4th Cir. 2009) ("[a]pplying a categorical analysis to the Conspiracy Offense, we

15

observe that it does not have 'as an element the use, attempted use, or threatened use of physical force against the person of another'" and concluding that it did not meet the requirements of the ACCA force clause).[11]

The Hobbs Act attempt offense fares no better under the categorical approach.  To establish the offense, the government need not prove that a defendant completed the substantive crime of extortion, but "merely that [he] intended to do so and took a substantial step in furtherance of that goal."  United States v. Cain, 671 F.3d 271, 279 (2d Cir. 2012).  "For a defendant to have taken a 'substantial step,' he must have engaged in more than 'mere preparation,' but . . . [a] defendant may be convicted of attempt even where significant steps necessary to carry out the substantive crime are not completed . . . ."  United States v. Yousef, 327 F.3d 56, 134 (2d Cir. 2003).

There is nothing about the "substantial step" element that requires the "step" to involve the use, threatened use, or attempted use of violent physical force.  For example, a defendant who plans the extortion of another through violence, and pays an associate to carry out that plan, has taken a substantial step and thus has committed the attempt offense, but has himself done nothing involving violent

---

[11] Although White, a pre-Johnson case, found the conspiracy offense at issue to be a crime of violence under the residual clause, the Fourth Circuit held post-Johnson that the same offense could not qualify under either ACCA clause.  United States v. Melvin, 621 F. App'x 226, 226-27 (4th Cir. 2015).

physical force.  E.g., United States v. Temkin, 797 F.3d 682, 690 (9th Cir. 2015) (upholding conviction for attempted Hobbs Act extortion where defendant undertook "substantial step" by meeting with associate, giving "him the intended victims' address and personal information, details about a bank account where [associate] could transfer the money he was to extort [from the victim], and $3,000 in cash").  Moreover, to prove attempted Hobbs Act extortion, "the government need not prove an attempt to instill fear of violence, but need only prove an attempt to instill fear of economic harm."  United States v. Salerno, 868 F.2d 524, 531 (2d Cir. 1989) (citing United States v. Capo, 817 F.2d 947, 951 (2d Cir. 1987) (in banc)); see also Zhou, 428 F.3d at 371 ("Of course, another familiar form of extortion is blackmail—where, for example, the extortioner obtains money from the victim by threatening to expose private or embarrassing conduct").  For these reasons, attempted Hobbs Act extortion does not necessarily require the use, threatened use, or attempted use of any force, let alone violent physically force.  It therefore does not categorically qualify as a crime of violence under the force clause of § 924(c)(3)(A).

## CONCLUSION

For the reasons set forth above, the Court should dismiss the § 924(c)

Counts in the Second Superseding Indictment for failure to state an offense.

Dated:  January 27, 2016
         Brooklyn, New York                    Respectfully submitted,

                                               /s James Darrow

                                               James Darrow
                                               Michael Padden
                                               Assistant Federal Defenders
                                               Federal Defenders of New York, Inc.
                                               Tel. (718) 407-7419 | (718) 330-1240
                                               Fax: (718) 855-0760
                                               james_darrow@fd.org
                                               michael_padden@fd.org


                                               *Attorneys for Redinel Dervishaj*